### WINKLER, Plaintiff-Appellant, v. COLUMBUS (CITY), Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3932.   Decided October 17, 1946.

James F. Henderson and Russ Bothwell, Columbus, for Plaintiff-Appellant.

Richard W. Gordon, City Attorney, Hugh K. Martin, Senior Asst. City Attorney, Columbus, for Defendant-Appellee.

## OPINION

By THE COURT:

Submitted on motion by the defendant-appellee for an order dismissing the appeal or that the Court order stricken from the files of this Court the purported bill of exceptions and to render judgment affirming the judgment of the Common Pleas Court. The appeal is noted as one on questions of law from a judgment for the defendant-appellee based upon a verdict directed by the trial court at the close of the plaintiff's case. The appellee is urging dismissal for failure of plaintiff-appellant to comply with Rule VII of this Court and for failure to comply with Ohio statutes relating to perfection of bill of exceptions in the trial court and the limitations imposed by said statutes.

The record discloses that the entry of judgment was filed on June 24, 1946. One June 26, 1946, notice of appeal and bill of exceptions were filed in the Common Pleas Court. Also on June 26, 1946, the bill of exceptions was filed in this Court. The record discloses further that on the 7th day of September, 1946, the Clerk presented the bill of exceptions to the trial judge for allowance and signature. The Court signed and approved the bill of exceptions on the same day.

It is urged that since the bill of exceptions was approved seventy-five days after the judgment, the statute requiring its filing within forty days after the decision was not complied with. The record discloses that on June 26, 1946, a praecipe was issued for a transcript to the Court of Appeals and also on the same date a notice of appeal was filed.

It will be noted that all the requirements were complied with in order to give this Court jurisdiction. The other acts to be done were ministerial only. It was the duty of the Clerk to present the bill of exceptions to the trial judge for his approval and for his failure to do so the appellant should not be penalized.

In the case of **The Cincinnati Traction Co. v Ruthman, 85 Oh St 62, syllabi 1, 2 and 4** are as follows:

"1. The general rule that the law will not permit a party to suffer detriment by reason of the neglect or misconduct of an officer charged with a public duty where such party, in the prosecution of a right, has done everything that the law requires him to do, and fails to attain his right wholly by such neglect or misconduct, the duty of the officer being one pertaining to such right, has application to a case coming within the purview of sections 5301 and 5301a, Revised Statutes, pro-

viding for the filing, allowance and signing of bills of exceptions.

"2. The signing by the judge of a bill of exceptions taken in the court of common pleas, after the same has been settled and allowed, is a ministerial, and not a judicial act. .Such act, when omitted to be done at the time prescribed by statute by oversight of the judge, may be done by him in a proper case nunc pro tunc.

"4. When the bill is perfected by the addition of such signature, it is as effectual in law to all intents and purposes as though the same had been signed by the judge within the time allowed for such signing by the section of the statute cited, and it is error for the reviewing court to strike off and refuse to consider such bill when perfected by the signature of such judge.

"The failure of the counsel for the excepting party to notice the absence of such signature at or before filing the same in the reviewing court, or before the expiration of six months thereafter, is not negligence affecting the right of their client to insist on a correction of the bill by the addition of the signature of such judge."

Counsel for the appellee refer to the case of **State, ex rel. Prudential Insurance Company v Price,** 45 Oh Ap 209, which was an action in mandamus to require the trial court to approve a bill of exceptions where the excepting party had made it impossible for the court to perform its duty within the statutory time, by removing the bill of exceptions from the files within an hour after filing the same. In denying the writ, Sherick, J., says:

"In the presented situation the respondent knew that the clerk, the opposing counsel, and the court each had a duty to perform with respect to his bill; and he knew that if he withdrew the bill these duties could not be performed. This having been done without the court's permission was contrary to fair practice, which does not draw this court to the view that the relator has shown a clear right to the relief prayed for."

It will be observed that the facts in this case are different from the case at bar in that in the instant case the bill of exceptions was at all times on file in this court and there was no removal from the files by any one.

For the foregoing reasons the motion is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.